**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DERRICK ADRIAN JOHNSON,** | § | |
| **Defendant-Petitioner,** | § | |
| | § | **No. 3:09-CV-597-B (BF)** |
| **v.** | § | **(3:07-CR-257-B)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | **ECF** |
| **Plaintiff-Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court for findings, conclusions, and recommendation is the motion of Petitioner Derrick Adrian Johnson ("Petitioner"), brought pursuant to 28 U.S.C. §2255. Petitioner filed a brief in support of his § 2255 motion (docket at 9) and a revised brief in support (docket at 20). Respondent United States of America ("Respondent") filed a response, contending that nine of Petitioner's claims are procedurally barred and that Petitioner's claims of ineffective assistance of counsel should be denied because Petitioner fails to show deficient conduct or resulting prejudice.

## BACKGROUND

On November 7, 2007, a jury found Petitioner guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On April 17, 2008, Petitioner was sentenced to 115 months' imprisonment and a three-year term of supervised release. On May 8, 2008, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. Petitioner's § 2255 motion was summarily dismissed without prejudice on July 9, 2008 because his direct appeal was pending. On January 5, 2009, Petitioner dismissed his direct appeal. The §2255 motion before the Court was timely filed on March 31, 2009.

## VIOLATIONS OF CONSTITUTIONAL RIGHTS

Petitioner claims that his constitutional rights were violated in the following particulars: (1) the government knowingly introduced false testimony from witnesses to secure an illegal conviction; (2) the government utilized deceit and misleading statements beginning at trial and through sentencing; (3) the government made multiple testimonial references during trial related to a witness and situation that did not exist; (4) Petitioner requested, but was denied counsel during a lengthy interrogation; (5) Petitioner was repeatedly lied to by Dallas Police Officers; (6) the government utilized statements in violation of the 5th Amendment; (7) the police used verbal threats of physical action to force illegal identification procedures after rights were attached; (8) Petitioner was subject to violations of *Brady*[1] and the Rules of Evidence; and (9) the government violated Petitioner's right to due process when it utilized Petitioner's testimony out of context, intentionally misleading the Court into allowing previously "out of bounds" questioning and then proceeding to imply and fabricate information to the jury about Petitioner that was known at the time to be completely untrue. Respondent contends that Petitioner is barred from raising these claims because he did not raise them in the trial court or on direct appeal.

## Scope of Review

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues that have been raised and decided on appeal may not be considered in § 2255 motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) would result in a miscarriage of justice if left unaddressed. *See United States v. Faubion*, 19 F.3d 226, 233 (5th Cir.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

1994). Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991); *United States v. Frady*, 456 U.S. 152, 168 (1982). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 456 U.S. at 165. "Cause" for failing to raise a claim in a previous challenge to a conviction's legality has been defined as the presence of a factor external to the defense, such as either the unavailability of its factual or legal basis to the movant at the time of the earlier proceeding or governmental interference. *McQueen v. Whitley*, 989 F.2d 184, 185 (5th Cir. 1993); *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). If the petitioner fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501 (1991). A defendant must meet this cause and actual prejudice test even when he alleges fundamental constitutional error. *Shaid*, 937 F.2d at 232.

## Analysis

The procedural bar is applicable in this case because Petitioner has shown no reasons external to the defense for his failure to raise these issues in the trial court or on appeal. Thus, Petitioner's claims fail as a matter of law. The Court need not address the prejudice prong of procedural default because Petitioner has failed to show cause for his failure to pursue these claims at trial or on direct appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial counsel provided ineffective assistance. The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the

3

right to the assistance of counsel for his defense. U.S. CONST. art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To prove a claim of ineffectiveness, a movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Id.* at 687. To prevail on the deficiency component of this test, he must identify the acts or omissions that were not the result of reasonable professional judgment. *Id.* at 690. To show prejudice, a movant must affirmatively prove that had the errors not occurred, "there is a reasonable probability that" the result of the trial would have been different. *Id.* at 693-94.

## Analysis

Petitioner claims that he received ineffective assistance when his counsel failed (1) to investigate the facts thoroughly and timely and to contact several witnesses; (2) either by cross examination or through timely objections to expose government witnesses' obviously perjured testimony; (3) to object to violations of the rules of evidence; (4) to object to violations of the 5th, 6th, and 14th Amendments; and (5) to file proper motions, and (6) to object to prosecutorial misconduct.

Even a pro se petitioner must allege specific facts to support an action for a violation of constitutional rights; conclusory allegations are not sufficient. *Elliott v. Perez*, 751 F.2d 1472, 1480 (5th Cir. 1985); *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984).

Petitioner claims that his counsel provided ineffective assistance by failing to investigate and by failing to interview witnesses. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691. Petitioner fails to show what his counsel failed to investigate, to show what the investigation would have revealed, and demonstrate how the results of the investigation likely would have resulted in a different outcome. *Id.* Similarly, Petitioner fails to name any witnesses his counsel allegedly failed to contact. Nor does he provide evidence of what their testimony would have been. Moreover, he provides no affidavits from witnesses to show that they would have been available to testify at the trial and to describe the testimony that the witnesses would have offered. Petitioner fails to show that there is a reasonable possibility that the absent witness's testimony would have altered the outcome of the trial. Accordingly, Petitioner has not shown that his counsel's performance was deficient for failing to investigate and for failing to contact witnesses.

Petitioner's allegation that his counsel failed to object or to cross-examine witnesses to expose obviously perjured testimony is also conclusory. Plaintiff mentions the testimony of two Dallas police officers and some allegedly false facts to which they testified, but he does not identify any valid objections that his counsel could have raised nor any questions that his counsel should have posed on cross-examination. Moreover, a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *Garland v. Maggio*, 717 F.2d 199,

5

206 (5th Cir. 1983)(on rehearing). Counsel's decision not to dispute the testimony was trial strategy in light of what could have been a losing proposition. A fair assessment of an attorney's performance requires that the distorting effects of hindsight be eliminated and requires an evaluation of the conduct from counsel's perspective at the time. *Strickland*, 466 U.S. at 691. This Court will not second guess defense counsel's trial-strategy decisions.

Petitioner alleges that his counsel provided ineffective assistance when he failed to object to a *Brady* violation because neither a photograph nor a police report referred to in the testimony of a government witness were provided to him. Petitioner asserts that a government witness, an employee from Bank of Texas, testified that (1) she had a bank photograph of him where his face is clearly shown, and (2) she filed a report with the Dallas police in which she described Petitioner. However, Petitioner fails to show how he was prejudiced by his counsel's failure to object to what Petitioner misperceive as a *Brady* violation. The government did not use the photograph and police report as trial exhibits. At trial, the witness from Bank of Texas simply referred to these items in her testimony. She did not rely on these items for identification. The witness testified that she saw Petitioner in the lobby of the bank, walked up to him, and spoke to him. She was able to identify Petitioner at the trial from personal observation and memory. (Trial Tr., pp. 151-152.) Petitioner fails to demonstrate that the results of his trial would have been different if had he received the photograph and police report.

Petitioner makes conclusory allegations that his counsel failed to object to violations of the 5th, 6th, and 14th Amendments, but fails to prove that his counsel's conduct was deficient in this regard or to show how Petitioner was prejudiced by his counsel's alleged deficiency. Petitioner claims that his counsel failed to object to Miranda violations, but he fails to identify what counsel

allegedly should have done in this regard. Moreover, the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. *Strickland*, 466 U.S. at 691. Counsel did not represent Petitioner at the time in question. Petitioner has not shown that he informed his counsel of all the violations he now claims, nor does he identify counsel's advice in this regard. Petitioner fails to state what meritorious motions he claims counsel should have filed and how the results of the trial would have been different if counsel had filed the motions.

Finally, construing Petitioner's allegations liberally, he contends that counsel should have objected to the prosecutor's (1) utilizing Defendant's testimony out of context, (2) intentionally misleading the Court into allowing previously "out of bound" questions, and (3) tainting the jury by fabricating and implying information that the prosecutor knew to be untrue. Petitioner fails to point to the prosecutor's testimony that allegedly took Defendant's testimony out of context. Petitioner's assertion that the prosecutor misled the trial court into allowing previously "out-of-bounds" questions is meritless. Even assuming the prosecutor was able to mislead the Court, Petitioner failed to identify the prosecutor's allegedly "out-of-bounds" question or to specify the other alleged "prosecutorial misconduct." Petitioner fails to show that counsel's failure to object was deficient conduct or that it resulted in prejudice. Moreover, Petitioner has failed to overcome the presumption that counsel's conduct falls within the wide range of reasonable assistance. Petitioner's allegations that counsel provided constitutionally ineffective assistance are conclusory and, consequently, are insufficient to prove that he received ineffective assistance. *Miller v. Petitioner*, 200 F.3d 274, 282 (5th Cir. 2000). Additionally, much of what Plaintiff alleges as deficient conduct is a matter of trial strategy which the Court will not second guess. *Strickland*, 466 U.S. at 691.

7

## **RECOMMENDATION**

Petitioner has not shown that he is entitled to relief. The Court recommends that the motion filed pursuant to 28 U.S.C. § 2255 be denied.

**SO RECOMMENDED**, September 20, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Id.*